UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MTISHA JACKSON                                                                              PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:16-cv-334-DPJ-FKB

CITY OF JACKSON                                                                             DEFENDANT

REPORT AND RECOMMENDATION

On May 3, 2016, Plaintiff Mtisha Jackson filed a complaint [1] and a Motion to Proceed In Forma Pauperis [2] requesting that prepayment of the filing fee and costs be waived.  Pursuant to the Court's order [3], Plaintiff submitted a fully-completed application Form AO 239 on May 25, 2016.  *See* [4].  Having examined the application and affidavit submitted, the undersigned finds that Plaintiff should be allowed to proceed *in forma pauperis* in this matter.  Accordingly, Plaintiff's Motion to Proceeed In Forma Pauperis [2] is granted and the Clerk of Court is directed to accept Plaintiff's complaint without prepayment of filing fees.  However, the Court may also examine the merits of the claims before allowing process to be issued.  Having reviewed and liberally construed Plaintiff's claims *sua sponte*, the undersigned recommends that this case be dismissed without prejudice.

Section 1915 of Title 28, United States Code, which governs proceedings *in forma pauperis*, mandates that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Fifth Circuit has held that under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face."

*James v. McDuffie*, 539 Fed. Appx. 435, 435 (5th Cir. 2013) (citation omitted).[1] To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the court has permitted Plaintiff to proceed *in forma pauperis* in this action, the complaint is subject to *sua sponte* dismissal under Section 1915. Plaintiff's complaint recites the following facts, quoted *verbatim*:

> I came to Mississippi State Hospital on February 29, 2016 they had a bed became available for my court commit 21 days of medication, treatment, and stabilization. I got a pass pending discharge from February 29, 2016 coming from St. Dominic Hospital in Jackson, MS from February 03, 2016. The Pass pending discharge the doctor gave me 6 days of good bahavior act at home and I after that 6th day if my mom didn't call them back before and after the 6th day they wouldn't come and picked me back up. The Doctor was wrong because I wasn't suppose to stayed over 2 days. I stayed February 29, 2016 to March 24, 2016 at Mississippi State Hospital. The 29 of March she called them to come back and picked me up of 2016. The doctor was supposed to discharged me permanetely the doctor say what she want to say putting untruthful stories to me about things about me of the situation so she keeps me here an tells untruthful stories and kept me at the Mississippi State Hospital excessive days. And her name is Dr. Desai. I been hospitalized again from March the 24th of 2016 to April 24, 2016. Dr. Desai didn't feed me well she treating me like I wasn't a human being we have classes to attend at 8:45 AM Monday through Thursday Saturday and Sunday we don't have classes. We have to be up in the morning at 6:30 AM we eat at 8:00 AM breakfast they don't give me any meat for breakfast they give me 1 piece of meat for lunch and supper we don't have dinner and we have snack for night during medication at night at 8:00 PM and we have to seat up for 30 min. after taken it.

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

> Monday through Thursday our doors stay lock until 3:45 PM and on Fridays we can't have food brought to us.  We have to have 2 meats, 2 vegetables, 2 deserts, 2 pastas, 2 fruits, 2 beverages, and 2 dairies that we don't receive.  The doctor have people sat upon a special meal request.  The nurse told me I was an anemia and she requested no salt for my food.  The medication I am on is 600 mg Seroquels, 750 mg Depercoat, and multivitamin.

[1] at 1-2.

After reviewing the complaint, the undersigned is unable to determine the legal basis for Plaintiff's claim, the type of relief she is seeking, or even whether the Court has jurisdiction.  Because Plaintiff is proceeding *pro se*, her pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  Even construing the complaint liberally, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and the complaint should therefore be dismissed *sua sponte*.  Because the Court has not considered the merits of Plaintiff's purported claims and there have been no substantive proceedings on the purported claims before the Court, the dismissal would be without prejudice.

For the reasons stated herein, the undersigned recommends that Plaintiff's complaint be accepted as filed without the prepayment of filing fees, but be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) for failing to state a claim upon which relief may be granted.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636.  Plaintiff is further notified that she may amend her

complaint within fourteen (14) days.

    Respectfully submitted, this the 27th day of May, 2016.

                           /s/ F. Keith Ball
                        UNITED STATES MAGISTRATE JUDGE